UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARVIN STOTTS,

Petitioner,

v.

HOYT A. BRILL, Warden,

Respondent.

Civil No. 00-1824 (JRT/SRN)

**ORDER**

Petitioner, a prisoner at the Prairie Correctional Facility in Appleton, Minnesota, has filed an application for habeas corpus relief under 28 U.S.C. § 2241. However, contrary to the requirements of Rule 2(c) of The Rules Governing Section 2254 Cases in the United States Districts Courts and Local Rule 9.3, Petitioner has not submitted his petition on the form prescribed for use in this District.[1] Because Petitioner has not complied with the applicable Rules, the Court is unable to identify each individual ground for relief that Petitioner is attempting to advance or the factual and legal basis for each such ground. Petitioner has also failed to provide the required information about his prior criminal proceedings. This information is necessary in order to determine whether the petition can properly be entertained by this Court.

Because Petitioner has not met the requirements of the applicable Rules, his petition will be returned to him pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases in the United States Districts Courts. The Clerk will be directed to provide Petitioner

[1] Although Petitioner is seeking relief under 28 U.S.C. § 2241, the Rules Governing Section 2254 Cases may still be applied to his petition. See Rule 1(b).

FILED OCT 18 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

with a copy of the prescribed form, and Petitioner will be granted an opportunity to file an Amended Petition on that form. Each individual claim for relief that he seeks to present in his Amended Petition must be clearly identified as a separate ground for relief on the petition form. If Petitioner fails to submit an Amended Petition by November 15, 2000, it will be recommended that the action be dismissed without prejudice for failure to prosecute.

Petitioner may file a memorandum in support of his Amended Petition, (if he chooses to file one), but any such memorandum should only explain the claims that are specifically listed in the Amended Petition itself. Any claim for relief appearing only in a memorandum, and not listed in the Amended Petition itself, will not be considered.

The Court notes that Petitioner has filed a motion seeking leave to amend his petition in order to change the name of the Respondent in this action. (Docket No. 11.) If Petitioner elects to file a new petition as permitted by this order, he can correct the name of the Respondent in his Amended Petition. Petitioner's pending motion seeking to change the name of the Respondent will therefore be denied as moot.

Petitioner has also filed a self-styled pleading entitled "Petition For A Writ Of Habeas Corpus Ad Subjiciendum," (Docket No. 7), which is presently before the Court. That petition will be summarily denied, without prejudice, because Petitioner has not adequately identified the nature of the relief he is seeking, or the factual or legal grounds on which his petition is based. Any claim for relief that Petitioner may have been attempting to raise in his "Petition For A Writ Of Habeas Corpus Ad Subjiciendum" can be included in the Amended Petition, (if he chooses to file one).

Finally, Petitioner has filed an application for leave to proceed in forma pauperis, ("IFP"). However, Petitioner has already paid the full $5.00 filing fee for this action, and he has not shown that IFP status is required for any purpose other than to avoid paying the filing fee. Petitioner's IFP application will therefore be denied as moot.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Pursuant to Rule 2(e) of The Rules Governing Section 2254 Cases in the United States Districts Courts, the Clerk of Court shall return the original habeas corpus petition (Docket No. 1) to Petitioner, together with a blank copy of the habeas corpus petition form that is to be used in this District for actions brought under 28 U.S.C. § 2241.

2. The Clerk shall retain a copy of the original petition in the Court file, as required by Rule 2(e).

3. Petitioner shall have until November 15, 2000, to file an entirely new petition to be captioned "AMENDED PETITION," which shall be submitted on the proper form and shall set forth, accurately and completely, all of the information that is required by that form and the Rules of this Court. Petitioner may submit a separate memorandum setting forth legal arguments in support of his claims, but each individual claim for relief must be specifically identified on the face of the Amended Petition itself.

4. If Petitioner fails to comply with the requirements of this Order within the time allowed, it will be recommended that this action be summarily dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(b).

5. Petitioner's "Petition For A Writ Of Habeas Corpus Ad Subjiciendum," (Docket No. 7), is DENIED WITHOUT PREJUDICE.

6. Petitioner's motion seeking leave to amend his petition by changing the name of the Respondent, (Docket No. 11), is DENIED AS MOOT.

7. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 10), is DENIED AS MOOT.

Dated: October 18, 2000

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge