UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

MARVIN A. STOTTS,

Petitioner,

v.

TIMOTHY O'DELL, Warden,

Respondent.

---

Civil No. 00-1824 (JRT/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's amended petition for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 19.) The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c).

By Order dated October 18, 2000, (Docket No. 13), the Court directed that Petitioner's original habeas corpus application, (Docket No. 1), be returned to him pursuant to Rule 2(e) of The Rules Governing Section 2254 Cases In The United States District Courts.[1] The original petition was returned because it was not submitted on the form prescribed for use in this district, as required by Local Rule 9.3. (See also Rule 2(c) of The Rules Governing Section 2254 Cases In The United States District Courts.)

---

[1] Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED NOV 14 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The Court's prior order informed Petitioner that he would be given an opportunity to file an amended petition. He was further informed that his amended petition would have to be submitted on the prescribed form, and that "[e]ach individual claim for relief that he seeks to present in his Amended Petition must be clearly identified as a separate ground for relief on the petition form." To assist the Petitioner, the Clerk of Court provided him with a copy of the proper form to be used for his amended petition.

On October 31, 2000, Petitioner filed his amended petition. Notwithstanding the unequivocal instructions of the Court's prior order (and Local Rule 9.3), Petitioner did not submit his petition on the prescribed form. Indeed, Petitioner's amended petition bears no resemblance whatsoever to the prescribed form.

The Court's insistence that Petitioner use the prescribed form, (or that his petition at least be in substantial conformity with the prescribed form), is not based on a blind devotion to arbitrary rules. As was explained in the prior order, the prescribed form serves a very useful purpose: it directs a habeas petitioner to (a) provide relevant information about the procedural history of his case, (b) set forth his individual claims for relief in a succinct and readily identifiable manner, and (c) include a brief discussion of the factual and legal basis for each individual claim. Because the amended petition now before the Court does not conform to the prescribed form, both the Respondent and the Court are deprived of the benefits that the form is intended to provide.

The Court specifically notes that the amended petition does not clearly identify each individual ground for relief, even though that requirement was highlighted in the prior order. Instead of listing and explaining each separate claim, the amended petition seems to conflate several different claims into a single amalgamated claim that is largely

incomprehensible. Neither the Respondent nor the Court should have to try to untangle and decipher Petitioner's various convoluted claims.

The Court's prior order expressly advised Petitioner that if he did not file an amended petition conforming to the requirements of the order, it would be recommended that this action be summarily dismissed pursuant to Fed. R. Civ. P. 41(b). In light of Petitioner's refusal to comply with the prior order, the Court finds no reason to afford Petitioner any further opportunity to submit a proper petition. Instead, it will be recommended that this action be summarily dismissed, for failure to comply with Local Rule 9.3 and the Court's prior order. Because Petitioner's habeas claims have not been addressed on the merits, it will be recommended that the action be dismissed without prejudice. Thus, if Petitioner should at some time in the future elect to submit his claims on the prescribed form for § 2241 habeas corpus petitions, he will be allowed to commence a new action.

RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

This action be DISMISSED WITHOUT PREJUDICE.

Dated: November 14, 2000

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.