**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

MARVIN A. STOTTS,

Petitioner,

v.

TIMOTHY O'DELL, Warden,
Prairie Correctional Facility,

Respondent.

Civil No. 00-1824 (JRT/SRN)

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Marvin A. Stotts, a prison inmate currently confined in Minnesota, has commenced this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. This matter is now before the Court on petitioner's objections to the Report and Recommendation of United States Magistrate Susan R. Nelson, dated November 14, 2000. Petitioner objects to the recommendation of the Magistrate Judge that his amended petition be dismissed without prejudice for failing to substantially conform with the form prescribed for use in this district.

The Court has conducted a de novo review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. L.R. 72.1(c)(2). For the reasons set forth below, the Court overrules petitioner's objections and adopts the Report and Recommendation of the Magistrate Judge.

FILED SEP 4 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. SEP 4 2001
DEPUTY CLERK

In an October 18, 2000 order, the Magistrate Judge directed that petitioner's original habeas corpus application be returned to him pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases because the petition was not submitted on the form prescribed for use in this district. The Magistrate Judge explained that petitioner could file an amended petition and directed the Clerk of Court to provide petitioner with a copy of the proper form. The petitioner filed an amended petition on October 31, 2000, but again did not submit the petition on the appropriate form. The Magistrate Judge then issued the November 14, 2000 Report and Recommendation in which she recommended that petitioner's application for habeas relief be dismissed without prejudice.

Petitioner now objects to the Report and Recommendation arguing that his petition should not be held to the standards of the Rules Governing Section 2254 Cases because his petition is made pursuant to 28 U.S.C. § 2241. The Court disagrees with petitioner's contention and adopts the recommendation of the Magistrate Judge. The Court understands that petitioner is not challenging his underlying conviction or sentence, which occurred in Hawaii, but instead is challenging his confinement in Minnesota. As petitioner correctly asserts, he is challenging the "execution" of his sentence. However, the Seventh Circuit has recently stated that "when a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case." *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) *cert. denied*, 531 U.S. 1029 (Nov. 27, 2000). Following the *Walker* decision, the Eighth Circuit has explained the fact that a petitioner is challenging the execution of his sentence rather than the underlying conviction does not alter the fact that § 2254 is the

correct vehicle for his habeas challenge. *Crouch v. Norris*, 251 F.3d 720, 722-23 (8th Cir. 2001) (state prisoner alleging that he was challenging execution of sentence "can only obtain habeas relief through § 2254, no matter how his pleadings are styled"). As a result, although petitioner has styled his application as one pursuant to § 2241, he is not absolved of the procedural rules that apply to all state prisoner habeas petitions, including the Rules Governing § 2254 Cases. Rule 2(c) provides that "[t]he petition shall be in substantially the form annexed to these rules, except that any district court may by local rule require that petitions filed with it shall be in a form prescribed by the local rule." The District of Minnesota has enacted such a rule – Local Rule 9.3.

Local Rule 9.3 is therefore clearly applicable in this case. The Rule expressly provides that "[p]etitions for a Writ of Habeas Corpus, whether brought by a state or federal prisoner . . . **shall** be submitted for filing in a form that is substantially in compliance with the form available from the Clerk of Court." D. Minn. L.R. 9.3. The Court realizes that the form provided by the Clerk of Court in some ways presupposes that the petitioner is challenging the underlying state conviction or sentence. However, question twelve (12) of the form specifically allows petitioner to "[s]tate concisely **every** ground on which you claim you are being **held unlawfully**" (emphasis added). The wording of this question provides petitioner with sufficient leeway to challenge the execution of his sentence, as petitioner seeks to do in this case.

Local Rule 9.3 is in place for exactly the reasons expressed by the Magistrate Judge: to make clear the relevant history of the case; to set forth in a clear and concise manner the individual claims for relief; and to provide a succinct discussion of the legal

and factual basis for each claim. Petitioner has not done this in his current amended petition. Because petitioner has not submitted an application that is in substantial compliance with the appropriate form, the Court adopts the Report and Recommendation of the Magistrate Judge.

However, as noted by the Magistrate Judge, the petition will be dismissed without prejudice. As a result, petitioner may refile his habeas corpus claims on the proper form or in substantial compliance with the proper form at any time in the future.

## ORDER

Based on the foregoing, the submissions of the parties, and all of the files, records, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 23], and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 22]. Accordingly, **IT IS HEREBY ORDERED** that petitioner's Amended Application for Habeas Corpus Relief [Docket No. 19] is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: Sept. 4, 2001
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:** September 4, 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.